The Chancellor.
The language of the statute is broad enough to comprehend all trusts. It is settled, however, that the statute of 7 Anne, ch. 19, of which ours is a copy, applies only to express trusts, and does not extend to constructive or resulting trusts. Goodwyn v. Lister, 3 P. W. 386; King v. Turner, 2 Simons 545.
The same construction has been given to the more recent English statutes of Geo. 3 and 6 Geo. 4. Ex parte Currie, 1 Jac. & W. 622; In the matter of Moody, 1 Tamlyn 4; King v. Turner, 2 Simons 545; Dew v. Clarke, 4 Russ. 511; Hill on Trustees 288; Lewin on Trusts 489.
In Ex parte Vernon, 2 P. W. 548, an order was made, under the statute of Anne, for a conveyance by an infant trustee, the value of the fee simple of the land not being more than the cost of a. decree. But the Chancellor said ho should for the future leave the cestui que trust to bring his bill, and have a decree against the infant to convey, because these orders for an infant trustee to convey ought to be in the plainest cases,, and not in such as are subject to the disputes which trusts without writing may be liable to.
The principle of the cases is, that the court will proceed under the statute only where the trusts are created by express declaration or have been settled by a decree. But where the existence of a resulting or constructive trust is alleged, however plain the proof may be, the court will not establish its existence in the summary mode pointed out by *149 tlie statute. Hawkins v. Obeen, 2 Ves. sen. 559; Livingston v. Livingston, 2 Johns. Ch. R. 541.
Tlie statutory proceeding by petition and order are obviously designed to carry into effect a declared or established trust. They are not adapted to the adjudication of rights or the establishment of a resulting trust.
This principle is expressly recognised by the trustee act, 11 Geo. 4 and 1 Will. 4, ch. 60. That statute, by its terms, extends to all constructive trusts and trusts arising or resulting by implication of law. But in every such case where the alleged trustee has or claims a beneficial interest adversely to the party seeking a conveyance or transfer, no order shall be made for the execution of a conveyance or transfer by such alleged trustee until after it has been declared by the Court of Chancery, in a suit regularly instituted in such court, that such person is a trustee for the person so seeking a conveyance or transfer. 3 Daniels' Chan. Dr. 2110; Lewin on Trusts 494.
As against an infant, a resulting trust should not be established except by decree in a suit regularly instituted.